UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MICHAEL C. TRAYLOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 5:21-cv-005-JMH |
| v. | ) | |
| | ) | |
| DEA AGENT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Michael C. Traylor, Jr., is an individual who resides either in Saginaw, Michigan or Chamblee, Georgia.[1] Proceeding without an attorney, Traylor has filed a document with the Clerk of the Court titled "Filing of Verified Claim," which has been docketed as a complaint for administrative purposes. [DE 1]. Traylor has not paid the $350.00 filing fee and $52.00 administrative fee, nor has he filed a motion for leave to proceed *in forma pauperis*.

Even so, the Court will conduct a preliminary review of Traylor's pleading. 28 U.S.C. § 1915(e)(2). A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] The envelope containing Traylor's Court filings lists a return address in Saginaw, Michigan, although Traylor's filing suggests that he may be in the process of moving to Chamblee, Georgia. [DE 1].

granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court evaluates Traylor's pleading under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

In his pleading, Traylor states that he is "writing this claim" in regards to assets seized from him during a May 14, 2020 traffic stop conducted by a Kentucky State Police Sergeant while Traylor was traveling from Michigan to Georgia. [DE 1]. Traylor states that he was told that he was pulled over because he was too close to the car in front of him. He also states that he told the officers that he had a small amount of marijuana in the middle console of his car. The officers ordered Traylor out of his car and searched the vehicle, where they found a book bag containing a change of clothes and (by Traylor's estimate) approximately $10,000-$11,000 in cash. According to Traylor, this was money that he had saved to prepare for his move to Georgia. Traylor states that a DEA agent arrived to question him about the currency and the reason for his travel, as well as the ownership of the vehicle and Traylor's past criminal history.

Traylor then states that the purpose of his filing is "to contest the statements made against me by the dea agent which

2

stated he had contacted some one from Detroit about me or drugs and reference to I could be involved in illegal activities when I don't even life in Detroit. Saginaw is an hour and 30 mins away from Detroit so I'm not sure how anything going on there could pertain to me and my trip." [DE 1]. Traylor also submits pictures and other documentation relating to his employment in Georgia, bank statements, and title and insurance papers for his car.

However, the Federal Rules of Civil Procedure make clear that "[a] civil action is commenced by filing a complaint with the court." See Fed. R. Civ. P. 3. Although docketed as a complaint for administrative purposes, Traylor's pleading is insufficient to constitute a complaint, even if construed liberally. Federal Rule of Civil Procedure 8 requires a pleading stating a claim for relief to contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

See Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation

omitted). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Traylor's pleading meets none of the requirements of Rule 8(a). Although the Clerk of the Court has identified "DEA Agent" as the Defendant for administrative purposes, Traylor's pleading does not actually identify any defendants against whom he seeks to pursue a claim for relief. Nor is the basis for his claim clear, as he states that he is writing "in regards to the assets seized," but then also states that he seeks to contest the statements made about him by the unidentified DEA Agent. Traylor's pleading also fails to make any demand for relief.

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). Traylor's failure to identify any defendants or make any request for relief does not give this

Court license to create these allegations on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." ) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). And because Traylor has failed to identify defendants against whom he seeks to pursue his claims, or make any demand for relief, his pleading fails to satisfy Rule 8's requirements for a pleading stating a claim for relief.

Overall, Traylor's allegations are too threadbare to state a claim upon which relief may be granted. Because Traylor has not filed a proper civil complaint, he has failed to properly invoke this Court's jurisdiction. Thus, the Court will dismiss this action for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). 28 U.S.C. § 1915(e)(2).

While dismissal without prejudice is warranted in light of these pleading deficiencies, the Court also notes that Traylor's claims clearly relate to ongoing state criminal proceedings pending against him in the Madison County District Court in *Commonwealth v. Traylor*, No. 20-M-0763 (Madison Dist. Ct. 2020).[2]

---

[2] According to the Kentucky Court of Justice online records, Traylor was charged with following another vehicle too closely in violation of KRS 189.340 and possession of marijuana in violation

5

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Traylor remain pending, and he has not suggested that the state court would not give full and fair consideration to his claims as part of a defense to the charges against him. Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex*

---

of KRS 218A.1422 in Madison County, Kentucky on May 14, 2020. *See Commonwealth v. Traylor*, No. 20-M-0763 (Madison Dist. Ct. 2020), docket available at http://kcoj.kycourts.net/CourtNet/Search, last accessed on January 11, 2021). The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. *See* Fed. R. Evid. 902(5).

*County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Thus, even if Traylor had filed a proper complaint, *Younger* abstention is warranted and appropriate with respect to Traylor's claims. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

For all of these reasons, the Court finds that dismissal of this action without prejudice is warranted.

Accordingly, it is hereby **ORDERED** as follows:

1) Traylor "Filing of Verified Claim" [DE 1], docketed as a civil complaint for administrative purposes only, is **DISMISSED WITHOUT PREJUDICE**;

2) The Court will enter an appropriate judgment; and

3) This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket.

This the 12th day of January, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge